**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SPECIAL COUNSEL<br>EX REL. JUDY KACHANES,<br>  Petitioner, | DOCKET NUMBER<br>CB-1208-14-0021-U-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE,<br>  Agency. | DATE: August 20, 2014 |

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Alejandra Duarte Dove, Esquire, Washington, D.C., for the petitioner.

Valerie J. Neris-Blankenship, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman

**ORDER ON STAY REQUEST**

¶1    Pursuant to 5 U.S.C. § 1214(b)(1)(A), the Office of Special Counsel (OSC) has requested a 45-day stay of the agency's indefinite detail, proposed removal, and constructive removal of Judy Kachanes to allow it to investigate Ms. Kachanes's prohibited personnel practice complaint.  For the reasons set forth below, OSC's request for a stay is GRANTED.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      In its August 15, 2014 stay request, OSC alleges that Ms. Kachanes was a 27-year employee of the agency's Food Safety and Inspection Service (FSIS), with no disciplinary history prior to the incidents at issue in its investigation. OSC further alleges that the agency appointed Ms. Kachanes to a Consumer Safety Inspector position in McPherson, Kansas, effective September 9, 2012. Shortly thereafter, Ms. Kachanes allegedly began making various disclosures of violations of standards concerning the humane slaughter of animals and the agency's failure to take appropriate action to correct the violations and prevent their reoccurrence. OSC alleges that the agency retaliated against Ms. Kachanes by detailing her for an indefinite period of time, proposing her removal, and constructively removing her.

¶3      OSC asserts that during Ms. Kachanes's monitoring of a specialty meat plant (the plant) on October 18, 2012, she observed that the animals were not rendered unconscious by the bolts of electricity used to stun them before death, a violation of the Humane Methods of Slaughter Act of 1978. Consistent with agency regulations, Ms. Kachanes reported the inhumane slaughter to the inspector permanently assigned to the plant and asked him to take appropriate action. OSC contends that the inspector declined to take any of the required remedial actions, and Ms. Kachanes thereafter reported the incident to various officials within her chain of command and the FSIS Humane Handling Ombudsman. OSC alleges that the agency immediately relieved her of her duties at the plant. After Ms. Kachanes saw no evidence of any corrective action at the plant, she allegedly contacted both the Secretary of Agriculture and the Government Accountability Project to report the incident and her belief that the FSIS had failed to properly respond.

¶4      OSC asserts that Ms. Kachanes's concerns were confirmed when she attended a "correlation" at the plant on March 6, 2013, for the purpose of demonstrating that the plant had addressed and corrected the problems that she

had reported. While there, Ms. Kachanes observed further alleged violations of the slaughter process and reported the new violations to the Ombudsman and the FSIS officials in her chain of command. On March 14, 2013, the District Manager placed Ms. Kachanes on a detail from her Consumer Safety Inspector position in McPherson, Kansas, to the position of Food Inspector in Wellington, Kansas, "until further notice." OSC asserts that this was a demotion in duties and was a physically more demanding position; accordingly, Ms. Kachanes informed the agency that she was unable to perform the duties of the Food Inspector position due to medical restrictions that were incompatible with the position.[2] In response, the District Manager allegedly issued another detail assignment to Noel, Missouri, "until further notice," and, for the first time, referred to alleged performance issues that occurred 5 months prior. OSC asserts that the allegations of performance issues coincided with Ms. Kachanes's October 2012 disclosures concerning the plant and were not mentioned during her mid-year performance review in February 2013. Ms. Kachanes again submitted medical documentation concerning her inability to perform in the detailed position, and she did not begin her detail assignment for physical inability to perform the duties of the position. OSC alleges that the agency then placed her in an Absent Without Leave (AWOL) status despite her requests for leave without pay.

¶5      In response to Ms. Kachanes's March 22, 2013 complaint with the agency's Office of the Assistant Secretary for Civil Rights (OCR),[3] on August 21, 2013, OCR allegedly ordered the FSIS to return Ms. Kachanes to a Consumer Safety Inspector position in McPherson, Kansas, effective September 25, 2013. Instead,

---

[2] As OSC notes, the Office of Personnel Management (OPM) qualification standards for the Food Inspection series 1863 include medical requirements whereas the OPM qualification standards for the Consumer Safety Inspection series 1862 do not.

[3] Ms. Kachanes complained to OCR that the detail to the Food Inspector position in Noel, Missouri, violated the terms of an earlier equal employment opportunity settlement agreement that resulted in her appointment to the Consumer Safety Inspector position in McPherson, Kansas.

OSC alleges that the agency issued a notice of proposed removal on September 12, 2013, for failure to report to duty as detailed, conduct unbecoming a federal employee, and absence without leave. OSC alleges that Ms. Kachanes involuntarily resigned on December 14, 2013, prior to a final decision on the proposed removal.

## ANALYSIS

¶6 Under 5 U.S.C. § 1214(b)(1)(A)(i), OSC may request any member of the Merit Systems Protection Board to order a stay of any personnel action for 45 days if OSC determines that there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice. Such a request shall be granted, unless the Board member determines that, under the facts and circumstances involved, such a stay would not be appropriate. 5 U.S.C. § 1214(b)(1)(A)(ii). OSC's stay request need only fall within the range of rationality to be granted, and the facts must be reviewed in the light most favorable to a finding of reasonable grounds to believe that a prohibited personnel practice was (or will be) committed. *Special Counsel ex rel. Aran v. Department of Homeland Security*, 115 M.S.P.R. 6, ¶ 9 (2010).

¶7 OSC argues that it has reasonable grounds to believe that Ms. Kachanes made multiple protected disclosures of violations of laws, rules, and regulations under 5 U.S.C. § 2302(b)(8) concerning the plant's violation of inhumane slaughter laws and agency management's failure to take the appropriate action to bring the plant into compliance. OSC contends that a disinterested observer in Ms. Kachanes's shoes could believe that the information she disclosed evidenced violations of law, rule, or regulation. OSC argues that the agency officials in Ms. Kachanes's chain of command had knowledge of her disclosures at the time of their decisions to take each of the challenged personnel actions under 5 U.S.C. § 2302(a)(2)(A): the decision to detail her indefinitely, propose her removal, and

coerce her resignation.[4] OSC alleges that Ms. Kachanes's whistleblowing activity was a contributing factor in the agency's decision to take the covered personnel actions because her disclosures occurred within a short period of time before each of the agency's action. Further, OSC argues that the attendant circumstances surrounding these actions support a motive to retaliate against her.[5]

¶8 Given the deference that should be afforded to OSC and the assertions made in its stay request, I find that there are reasonable grounds to believe that the agency indefinitely detailed Ms. Kachanes, proposed her removal, and constructively removed her based on her protected disclosures in violation of 5 U.S.C. § 2302(b)(8).

## ORDER

¶9 Based on the foregoing, I conclude that granting OSC's stay request is appropriate. Accordingly, a 45-day stay of Ms. Kachanes's indefinite detail, proposed removal, and constructive removal is GRANTED. The stay shall be in effect from August 20, 2014, through and including October 3, 2014. It is further ORDERED that:

(1) Ms. Kachanes shall be reinstated to her position of record as a Consumer Safety Inspector in McPherson, Kansas, with the same

---

[4] Although Ms. Kachanes resigned prior to OSC's stay request, the language of the statute permits the stay of a personnel action if the Special Counsel has reasonable grounds to believe that the action "was taken, or is to be taken, as a result of a prohibited personnel practice." 5 U.S.C. § 1214(b)(1)(A)(i). An involuntary resignation is tantamount to a removal and is a "personnel action" under 5 U.S.C. § 2302(a)(2)(A)(iii). *See Pariseau v. Department of the Air Force*, 113 M.S.P.R. 370, ¶ 11 (2010). The Board has the authority to stay the removal of an employee after the effective date of the action. *See Special Counsel v. Department of Transportation*, 59 M.S.P.R. 552, 555 (1993).

[5] OSC asserts that management behavior outside of the personnel decisions also suggests a retaliatory motive. Further, OSC cites the agency Inspector General's May 2013 audit report, which concluded that FSIS inspectors failed to take appropriate enforcement actions, failed to improve slaughter practices at supervised plants, and failed to ensure the humane handling of swine, which are conclusions consistent with Ms. Kachanes's disclosures.

duties and responsibilities that she formerly had and at the same salary and grade level effective August 20, 2014;

(2) Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(3) Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B) must be received by the Clerk of the Board and the agency, together with any evidentiary support, on or before September 19, 2014.

(4) Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) must be received by the Clerk of the Board and served on OSC, together with any evidentiary support, on or before September 26, 2014.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.